IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 6 2011

GREGORY C. LANGHAM
                    CLERK

Civil Action No. 11-cv-02172-BNB

AZAEL DYTHIAN PERALES,

    Applicant,

v.

U.S. INTERNAL REVENUE SERVICE, et al.,

    Respondents.

---

## ORDER OF DISMISSAL

---

Applicant initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The Court must construe the application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action.

Although it is not clear what specific claims Applicant is asserting, it is clear on the face of the Application that the Court lacks jurisdiction over this habeas corpus action. First, Applicant fails to allege or demonstrate that he is in custody as required under 28 U.S.C. § 2241(c). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993) ("A petition for

habeas corpus attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement."). Because there is no indication that Applicant is in custody, the Court lacks jurisdiction to consider Applicant's habeas corpus claims. With respect to the custody issue, the Court also notes that Applicant has filed a number of habeas corpus actions in the United States District Court for the Central District of California that also have been dismissed summarily because he is not in custody. See *Perales v. United States*, No. SACV 11-201 JVS (AGR), 2011 WL 684195 (C.D. Cal. Feb. 11, 2011); *Perales v. Dollar Tree, Inc.*, No. SACV 10-1772 JVS (AGR), 2010 WL 4923090 (C.D. Cal. Nov. 30, 2010); *Perales v. U.S. Dept. of Labor*, No. SACV 10-1737 JVS (AGR), 2010 WL 4923041 (C.D. Cal. Nov. 29, 2010); *Perales v. United States*, No. SACV 10-1250 JVS (AGR), 2010 WL 3397033 (C.D. Cal. Aug. 25, 2010).

The Court also lacks jurisdiction over this action because, even if Applicant is in custody, he fails to allege or demonstrate that he is in custody in Colorado. Pursuant to § 2241(a), "[w]rits of habeas corpus may be granted by the . . . district courts . . . within their respective jurisdictions." As a result, an application for a writ of habeas corpus pursuant to § 2241 "must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). There is no indication that Applicant is confined or otherwise in custody in Colorado. Instead, based on the address listed in the application, Applicant apparently is a resident of California. Therefore, the Court lacks jurisdiction to issue a writ of habeas corpus in this action. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for lack of jurisdiction.

DATED at Denver, Colorado, this __26th__ day of __August__, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-02172-BNB

Azael Dythian Perales
PO Box 501
Fullerton, CA 92836

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on August 26, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk